NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIE ELICE FONTAINE, | No. 15-56948 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01944-WQH-DHB |
| v. | |
| BANK OF AMERICA, N.A., DBA First Magnus Financial Corporation, AKA First Magnus Financial Corporation, a division of Bank of America, N.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 9, 2017**

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Julie Elice Fontaine appeals pro se from the district court's judgment dismissing her action alleging a Truth in Lending Act claim and other claims arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (dismissal under Fed. R. Civ. P. 8(a)); *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003) (dismissal under Fed. R. Civ. P. 12(b)(6)).  We affirm.

The district court properly dismissed Fontaine's action because Fontaine failed to include a "short and plain statement of the claim showing that [she] is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (pleading must do more than offer labels and conclusions); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (Rule 8 requires that each averment of a pleading be simple, concise, and direct, stating which defendant is liable to the plaintiff for each wrong).

We reject as unsupported by the record Fontaine's contention that the district court did not provide her with adequate instructions on how to cure the deficiencies in her complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**